575 F.2d 160
 83 Lab.Cas. P 10,533
 John GIRARD, John E. Taylor, Eugene P. Grossman, Charles E.
Kelting, Louis H. Feldhaus, Dudley Alsop, Ronald
McKenzie, Wray Hambrick, Jerry Becht,
Michael Manion and Ron
Hosfeld, Appellants,
v.
Benjamin GOINS, Sheriff of the City of St. Louis, Appellee.
 No. 78-1043.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 15, 1978.
Decided April 13, 1978.
Rehearing and Rehearing En Banc Denied May 8, 1978.
 
 Jerome Duff, St. Louis, Mo., for appellant; James E. Heckel, St. Louis, Mo., on brief.
 John P. Emde, St. Louis, Mo., for appellee; John P. Emde of Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., on brief.
 Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 The eleven petitioners[1] appeal from the District Court's denial of habeas corpus relief under 28 U.S.C. § 2254 from fines and sentences imposed upon their conviction for criminal contempt by the Circuit Court of St. Louis. Their principal contention is that the failure of the Circuit Court to offer them a jury trial violated their constitutional right to a jury trial. They also contend that the record is void of evidence to support their convictions and that the Circuit Court's orders of commitment and judgment are fatally defective. We reverse and remand for further proceedings consistent with this opinion.
 
 
 2
 The petitioners are all members or officers of the Brewery Drivers and Helpers Local Union No. 133 of St. Louis.[2] The incidents forming the basis for the convictions occurred during the course of a long strike by the local union against the wholesale beer distributors in the St. Louis metropolitan area and are described in detail in State ex rel. Girard v. Perpich, 557 S.W.2d 25 (Mo.Ct.App.1977). During the course of the strike, the Circuit Court[3] issued orders restraining members of the local union from harassing, intimidating, frightening and interfering with customers of the beer distributors. The orders were issued on April 22 and 28, 1976. On May 28, the beer distributors filed a motion for the issuance of contempt citations for violations of the restraining orders. The Circuit Court held a preliminary hearing from June 1 to 3, and found probable cause to issue contempt citations. Each of the petitioners[4] was served with a notice of prosecution and was ordered to appear on June 10 to show cause why they should not be held in contempt of court. The attorney for the beer distributors was appointed special prosecutor and further testimony was taken at the June 10 hearing. The parties stipulated that evidence presented at the preliminary hearing be admitted for consideration by the Circuit Court. On June 24, the Circuit Court found the petitioners guilty of criminal contempt and imposed the following sentences and fines:
 
 
 3
 CONFINEMENT FINE
 ----------- -------------
John J. Girard 40 days $10,000
John E. Taylor 40 days $10,000
Eugene P. Grossman 10 days $ 2,500
Charles E. Kelting 10 days $ 2,500
Louis H. Feldhaus 10 days $ 2,500
Dudley Alsop 10 days $ 2,500
Ronald McKenzie 30 days $ 5,000[5]
Wray Hambrick --- $ 2,500
Jerry Becht --- $ 2,500
Michael Manion --- $ 5,000[6]
Ron Hosfeld --- $ 2,500
 
 
 4
 None of the petitioners has as yet been confined or paid their fines. In a hearing before the Circuit Court on December 28, the petitioners stipulated that the local union had agreed to pay their fines.
 
 
 5
 The petitioners sought, and were denied, habeas corpus relief in the Missouri Court of Appeals. State ex rel. Girard v. Perpich, supra. They then sought habeas corpus relief from the Missouri Supreme Court which denied relief for the reasons stated by the Court of Appeals "plus the fact that the additional allegations in the petition(s) filed in this court state no basis on which petitioner(§ are) entitled to relief(.)" State ex rel. Girard et al. v. Benjamin Goins, Sheriff, 442 F.Supp. 1250 (E.D.Mo., 1977). The petitioners finally brought this action in federal district court for the Eastern District of Missouri seeking relief under 28 U.S.C. § 2254. The District Court denied relief in an order on January 11, 1978.
 
 I.
 
 6
 We consider whether the petitioners had a constitutional right to a jury trial in light of the severity of the fines and sentences imposed upon them for their conviction for criminal contempt. Before we reach the merits of this issue, however, we must initially determine whether they waived any right to a jury trial that they might have and whether they exhausted their state remedies.
 
 
 7
 The District Court held that the petitioners had waived their right to a jury trial because they agreed that the Circuit Court could consider testimony from the preliminary hearing in determining whether or not they were guilty of criminal contempt. It also noted that the petitioners did not request a jury trial. We cannot agree that the petitioners waived their constitutional right to a jury trial. Both the Missouri and the Federal Rules of Criminal Procedure provide that the right to a jury trial persists until it has been appropriately waived. Fed.R.Crim.P. 23(a); Mo.R.Crim.P. 26.01(a). In order for such an important constitutional right to be waived "there must be an express, positive waiver as distinguished from mere failure to request a jury." Douglass v. First Nat. Rlty. Corp., 177 U.S.App.D.C. 409, 415, 543 F.2d 894, 900 n.37 (1976). We have carefully reviewed the record, paying particular attention to the agreement that the Circuit Court could consider the evidence given at the preliminary hearing and find nothing indicating that the petitioners expressly waived their right to a jury trial. The petitioners were not offered a jury trial they merely acquiesced in non-jury proceedings.[7] Such acquiescence does not amount to an express waiver of the right to a jury trial, see Douglass v. First Nat. Rlty. Corp., supra, 177 U.S.App.D.C. at 414-415, 417, 543 F.2d 899-900 n.37, 902, particularly when none of the petitioners were aware that the Circuit Court contemplated imposing fines and sentences as severe as those imposed here.
 
 
 8
 We next must consider whether the petitioners exhausted their state remedies with respect to their right to a jury trial. The petitioners first made a claim with respect to the denial of a jury trial when they contended, in their motion for a new trial, that their punishment was cruel and unusual because they had been denied a jury trial. The issue was next raised by four of the petitioners in their petitions for writs of habeas corpus in the Missouri Court of Appeals.[8] However, the issue was not pursued in briefs or oral argument before the Court of Appeals, and that court did not mention the issue in its opinion. Each of the petitioners raised the issue in their petitions for writs of habeas corpus in the Missouri Supreme Court. The special prosecutor devoted four of fifteen pages in his responsive brief to arguments answering the petitioners' contentions on this issue. The Missouri Supreme Court did not specifically address the issue. It denied the writs on the basis of the opinion of the Missouri Court of Appeals. However, it also stated that petitioners were not entitled to relief on any of the additional issues raised before it. The United States Supreme Court has recently stated that:
 
 
 9
 It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief.
 
 
 10
 Smith v. Digmon, --- U.S. ----, ----, 98 S.Ct. 597, 599, 54 L.Ed.2d 582 (1978).
 
 
 11
 In light of Smith v. Digmon, supra, and under the circumstances of this case, we hold that the petitioners have exhausted their state remedies with respect to their constitutional claim of a right to a jury trial.
 
 
 12
 Since we have held that the petitioners did not waive their right to a jury trial and have exhausted their state remedies, we consider the merits of the petitioners' constitutional claim. Historically, both the state and federal courts have exercised the power to punish criminal contempt without a jury trial. See generally Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Note, Constitutional Law: The Supreme Court Constructs a Limited Right to Trial by Jury for Federal Criminal Contemnors, 1967 Duke L.J. 632; Annot., Supreme Court's Views as to Right to Trial by Jury in Contempt Proceedings, 45 L.Ed.2d 815 (1974) (hereinafter cited as Annot.). However, in 1966, the Supreme Court recognized the right to a jury trial in serious federal criminal contempt cases. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). After the Supreme Court held, in 1968, that the Sixth Amendment right to a jury trial was binding on the states, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), it then held that the right to a jury trial extended to serious state criminal contempts. Bloom v. Illinois, supra. Thus, the petitioners are only entitled to a jury trial if the criminal contempt was a "serious" as opposed to a "petty" offense.
 
 
 13
 The "exact location of the line between petty offenses and serious crimes" has not been clearly established. Duncan v. Louisiana, supra at 161, 88 S.Ct. at 1454. The seriousness or pettiness of an offense is usually determined by reference to the punishment authorized by the statute. See Annot., supra at 819. The Supreme Court has held that "when the legislature has not expressed a judgment as to the seriousness of an offense by fixing a maximum penalty which may be imposed, we are to look to the penalty actually imposed as the best evidence of the seriousness of the offense." Bloom v. Illinois, supra at 211, 88 S.Ct. at 1487. By analogy, the Supreme Court has looked to the definition of petty offenses under 18 U.S.C. § 1(3) which provides that a petty offense is one "the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both." While the Supreme Court has stressed that the definition should not be accorded "talismanic significance," Muniz v. Hoffman, 422 U.S. 454, 477, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1974), it has held that imprisonment of a contemnor for longer than six months without also granting an opportunity for a jury trial is constitutionally impermissible. See Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969). It has held, however, that it "cannot accept the proposition that a contempt must be considered a serious crime under all circumstances where the punishment is a fine of more than $500, unaccompanied by imprisonment. * * * From the standpoint of determining the seriousness of the risk and the extent of the possible deprivation faced by a contemnor, imprisonment and fines are intrinsically different." Muniz v. Hoffman, supra at 477, 95 S.Ct. at 2190. Applying this rationale, the Supreme Court held in Muniz v. Hoffman, supra, that while a criminal contempt fine of $10,000 assessed against a large local union was not insubstantial, it was not of such magnitude to trigger a right to a jury trial.
 
 
 14
 In this case, the penalties imposed ranged from a fine of $10,000 and a sentence of forty days, to a fine of $2,500 and no sentence. The sentences imposed are not alone enough to require that an opportunity for a jury trial be offered to the contemnors. Thus, we must apply the Muniz standard of the "seriousness of the risk and the extent of the possible deprivation." Id. In this case, unlike Muniz, the fines were assessed against the individual contemnors. The fact that the local union later agreed to pay the fines is not relevant as the trial court had already imposed the fines and thus made its determination of the seriousness of the offense. Cf. United States v. Hamdan, 552 F.2d 276, 279 (9th Cir. 1977); Douglass v. First Nat. Rlty. Corp., supra, 177 U.S.App.D.C. at 417-418, 543 F.2d at 902-903. Moreover, the primary responsibility for the payment of the fines remains with the individual petitioners as the commitment by the local union to pay the fines may be subject to challenge.[9]
 
 
 15
 In cases since Muniz, two circuits have noted that the potential impact of a large fine is immensely greater where the contemnor is an individual. United States v. Hamdan, supra at 280; Douglass v. First Nat. Rlty. Corp., supra, 177 U.S.App.D.C. at 417, 543 F.2d at 902. In Douglass v. First Nat. Rlty. Corp., supra, the District of Columbia Circuit held that a $5,000 fine could not be assessed against an individual in a non-jury criminal contempt proceeding. In United States v. Hamdan, supra, the Ninth Circuit held that a defendant found guilty of an offense punishable by a possible $1,000 fine or up to six-months imprisonment was entitled to a jury trial. Both the circuits have indicated that until further guidance is received from the Supreme Court, "(they feel that) it is not unrealistic to treat any fine in excess of $500 as a serious matter to all individuals." United States v. Hamdan, supra at 280; Douglass v. First Nat. Rlty. Corp., supra, 177 U.S.App.D.C. at 417, 543 F.2d at 902. While we are unwilling to establish the principle in this Circuit that any fine assessed against an individual in excess of $500 is of such magnitude to constitute a serious offense, we have no difficulty in holding on the basis of this record that fines ranging from $2,500 to $10,000 assessed against the individual petitioners do indeed constitute a serious offense.
 
 
 16
 For this reason, we are of the view that the failure of the Circuit Court to affirmatively offer the petitioners a jury trial was a violation of their constitutional right in light of the severity of the fines and sentences imposed for criminal contempt. Since this is a state case, we do not have authority to revise the sentence ourselves as we would in a federal case. See Cheff v. Schnackenberg, supra at 380; Douglass v. First Nat. Rlty. Corp., supra, 177 U.S.App.D.C. at 418, 543 F.2d at 903. However, if the state court reduces the fines to a non-serious level, then a jury trial would not be required. See Taylor v. Hayes, 418 U.S. 488, 496, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). We, therefore, remand the case to the District Court with directions to it to issue the requested writs of habeas corpus unless the Circuit Court of the City of St. Louis either reduces the fines to the level of a non-serious offense or provides the petitioners with an opportunity for a new trial with a jury within a reasonable time.
 
 II.
 
 17
 The petitioners next contend that the record is void of evidence to support their criminal contempt convictions. Federal habeas relief under 28 U.S.C. § 2254 is only available on the ground of insufficiency of the evidence if there is a total lack of evidence to sustain the state conviction. White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976); Cunha v. Brewer, 511 F.2d 894, 898 (8th Cir.), cert. denied, 423 U.S. 857, 96 S.Ct. 108, 46 L.Ed.2d 83 (1975). We cannot agree that there is a total lack of evidence to support the petitioners' criminal contempt convictions. See State ex rel. Girard v. Perpich, supra. Since there is at least some credible evidence on the record supporting each of the petitioners' convictions, their petitions for relief on this ground must be denied.
 
 III.
 
 18
 The petitioners' final contention is that the Circuit Court's orders of commitment and judgment are fatally defective and are, therefore, unenforceable and void. The orders of commitment require the petitioners to pay court costs and reasonable attorney's fees to be assessed by the court. Since the court has not yet fixed costs and attorney's fees,[10] the petitioners contend that the orders improperly subject them to an indefinite confinement. They also contend that Missouri law forbids any award of attorney's fees to a special prosecutor in a criminal contempt proceeding.
 
 
 19
 This contention has not been raised by the petitioners in any of the proceedings in state courts. It was first raised in the District Court. The petitioners contend that the order of commitment cannot be clarified or changed by the state courts. However, as the District Court noted, Mo.R.Crim.P. 27.26 "specifically provides for motions to vacate or correct an unlawful or unconstitutional sentence." The parties have not filed a Rule 27.26 motion, nor have they otherwise presented this issue to state courts. Under 28 U.S.C. § 2254(b) and (c), all available state remedies must be exhausted before a writ of habeas corpus may issue. See, e. g., Bonner v. Wyrick, 563 F.2d 1293 (8th Cir. 1977); Tyler v. Swenson, 527 F.2d 877 (8th Cir.), cert. denied, 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976). Accordingly, this issue cannot be raised at this time since the petitioners have failed to exhaust their state remedies.
 
 
 20
 Reversed and remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 The petitioners filed separate petitions in the District Court, but subsequently requested that the cases be consolidated. This Court ordered the cases to be consolidated on appeal
 
 
 [2]
 The local union is affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America
 
 
 [3]
 The Circuit Court acted in response to a petition filed by Lohr Distributing Company, Inc., which was the exclusive distributor for Anheuser-Busch products within the City of St. Louis. The petition was subsequently amended to include claims by Grey Eagle Distributors, Inc., the exclusive Anheuser-Busch distributor for St. Louis County
 
 
 [4]
 Ten individuals, other than petitioners, were also served with notices of prosecution for contempt. Nine were acquitted by the Circuit Court. The tenth was convicted but was discharged by the Missouri Court of Appeals. State ex rel. Girard v. Perpich, 557 S.W.2d 25, 40 (Mo.App.1977)
 
 
 [5]
 Both Ronald McKenzie and Michael Manion were convicted of violations of more than one of the paragraphs of the restraining order. McKenzie received a sentence of thirty days and a fine of $2,500 for one violation and a fine of $2,500 for another. Manion received two $2,500 fines
 
 
 [6]
 See n.5, supra
 
 
 [7]
 We recognize the difficulty in administering the rule that contemnors are entitled to a jury trial in cases of serious criminal contempt. The rule requires the trial court to make a preliminary pretrial assessment of the matter in order to determine whether or not to proffer a jury trial. See Douglass v. First Nat. Rlty. Corp., 177 U.S.App.D.C. 409, 418, 543 F.2d 894, 903 (1976). The obvious answer to the problem is to proffer a jury trial in those cases in which it appears that circumstances may require imprisonment for more than six months or the imposition of a fine of such magnitude to constitute a serious offense
 
 
 [8]
 Under Missouri law, the petition for a writ of habeas corpus is merely a preliminary document and the issues raised are determined by reference to the return and the traverse. See Ryan v. Wyrick, 518 S.W.2d 89, 91 (Mo.App.1974); Curtis v. Tozer, 374 S.W.2d 557, 567 (Mo.App.1964); Wolff and Passante, Habeas Corpus, 24 St. Louis B.J., Nos. 3, 36, 37 (1978). Thus, the appellee contends that the right to a jury trial issue was not properly raised by the petitioners in the Missouri Court of Appeals. We need not reach this question since it is clear that the issue was properly raised in the Missouri Supreme Court
 
 
 [9]
 The opinion of the Missouri Court of Appeals states that the local union agreed to pay the petitioners' fines for them. State ex rel. Girard v. Perpich, supra at 35 n.11. However, neither the Missouri Court of Appeals opinion nor the record before this Court reveals whether the commitment was made by union officers, the union executive committee or by a vote of the full local union membership
 
 
 [10]
 We note that the record of a hearing held in the Circuit Court on December 28, 1976, reflects an understanding among the parties that the assessment of costs and attorney's fees would be held in abeyance pending appeal