UNITED STATES of America, Plaintiff–Appellee,

v.

Ward Richard McALISTER, Defendant–Appellant.

No. 80–1016.

United States Court of Appeals, Tenth Circuit.

Submitted June 25, 1980.

Decided Sept. 2, 1980.

Michael G. Katz, Federal Public Defender and Patrick J. Burke, Asst. Federal Public Defender, Denver, Colo., for defendant–appellant.

Joseph F. Dolan, U. S. Atty., D. Colorado and Frank R. Kennedy, Asst. U. S. Atty., Denver, Colo., for plaintiff–appellee.

Before SETH, Chief Judge, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant was charged with a federal crime, trespass upon a nuclear plant site,[1] having as its maximum penalty a $1000 fine. The district court granted the government's Motion to Prohibit Jury Trial, ruling that the charged offense was "petty" and therefore outside the sixth amendment's jury trial protection. After a trial by stipulation to the court, appellant was found guilty and fined $750.[2] On this appeal we must again consider the perimeters of a criminal defendant's right to a jury trial.

In two constitutional provisions, a criminal defendant's right to trial by jury is stated unequivocally. Article III provides for a jury in the "Trial of all Crimes," except cases of impeachment. U.S.Const. Art. 3, § 2. The sixth amendment requires an "impartial jury" "[i]n all criminal prosecutions." Nevertheless, the Supreme Court has interpreted these provisions as incorporating the common law exception for petty offenses, for which non–jury disposition is permissible. *See District of Columbia v. Clawans*, 300 U.S. 617, 624, 57 S.Ct. 660, 661, 81 L.Ed. 843 (1937); *Callan v. Wilson*, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888).

It is not this court's function to reopen the historical debate about the validity of the petty offense exception. *Compare* Frankfurter & Corcoran, *Petty Federal Of-*

fenses and the Constitutional Guaranty of Trial by Jury, 39 Harv.L.Rev. 917 (1926), *with* Kaye, *Petty Offenders Have No Peers!*, 26 U.Chi.L.Rev. 245 (1959). Some offenses with only minimal punishments clearly do not require jury trial. *See, e. g., United States v. Potvin*, 481 F.2d 380, 381 (10th Cir. 1973); *United States v. Floyd*, 477 F.2d 217, 221–22 (10th Cir.), *cert. denied*, 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973). In both *Potvin* and *Floyd*, we held that, because the maximum possible punishments fell within the congressional definition of "petty offense," 18 U.S.C. § 1(3),[3] no jury trial was required. In contrast, we are presented here with a maximum penalty outside the limits of § 1(3).

Congress may not, of course, redefine the boundaries of constitutional protections. Our holdings in *Potvin* and *Floyd* suggest only that the § 1(3) definition of petty offense lies within the constitutional definition, not that the two are identical. Indeed, the Supreme Court has instructed us that § 1(3) should not be accorded "talismanic significance":

[W]e cannot accept the proposition that a contempt must be considered a serious crime under all circumstances where the punishment is a fine of more than $500, unaccompanied by imprisonment. It is one thing to hold that deprivation of an individual's liberty beyond a six–month term should not be imposed without the protections of a jury trial, but it is quite another to suggest that, regardless of the circumstances, a jury is required where any fine greater than $500 is contemplated. From the standpoint of determining the seriousness of the risk and the extent of the possible deprivation faced by a contemnor, imprisonment and fines are intrinsically different.

*Muniz v. Hoffman*, 422 U.S. 454, 477, 95 S.Ct. 2178, 2190, 45 L.Ed.2d 319 (1975). A

---

1. 42 U.S.C. § 2278a(a), (b); 10 C.F.R. §§ 860.3, 860.5(a).

2. The fine was suspended. Appellant was placed on one year's probation, with the condition that he participate in 250 hours of community service.

3. Section 1(3) reads:

    Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months *or* a fine of not more than $500, *or* both, is a petty offense.

    18 U.S.C. § 1(3) (emphasis added).

divided *Muniz* Court held that no jury was required to impose a $10,000 criminal contempt fine on a 13,000–member labor union.

Despite the suggestive language, we do not believe that *Muniz* applies in a criminal action against an individual. The Court was clearly discounting the risk of relatively small fines "*to a large corporation or labor union.*" 422 U.S. at 477, 95 S.Ct. at 2191 (emphasis added). Although *Muniz* apparently authorizes a court to consider the financial impact of a fine on a large organization in determining entitlement to jury trial, requiring a district court to take into account the financial status of an *individual* defendant would raise exceedingly troublesome issues. A court should not condition constitutional rights on individual wealth.[4] *See United States v. Hamdan,* 552 F.2d 276, 279 (9th Cir. 1977).

To decide whether an offense is petty, a court should properly focus on "objective criteria, chiefly the existing laws and practices in the Nation." *Duncan v. Louisiana,* 391 U.S. 145, 161, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968). · *See Frank v. United States,* 395 U.S. 147, 148, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969). The authorized penalties for various crimes are such "objective criteria," and are particularly important because they indicate the legislative determination of the crimes' seriousness. *Frank v. United States,* 395 U.S. at 148–49, 89 S.Ct. at 1504–05; *Duncan v. Louisiana,* 391 U.S. at 159–61, 88 S.Ct. at 1452–53; *Girard v. Goins,* 575 F.2d 160, 164 (8th Cir. 1978). The congressional definition of a petty offense, 18 U.S.C. § 1(3), is thus highly relevant because it objectively places crimes in either of two classes of seriousness. Although trespass may seem like a trivial offense to a neutral observer, Congress has indicated, by its choice of penalty, that this particular form of trespass is indeed serious.

At least two other circuits have decided that, until the Supreme Court speaks further, the definition of "petty offense" in 18 U.S.C. § 1(3) will serve as the determinant of an individual's right to jury trial. *See United States v. Hamdan,* 552 F.2d 276, 279–80 (9th Cir. 1977); *Douglass v. First National Realty Corp.,* 543 F.2d 894, 902 (D.C.Cir.1976). The "statute has frequently been utilized as the point of reference. . . . [N]owhere else in federal law or practice are we able to detect any other benchmark of seriousness or pettiness in monetary criminal penalties." *Douglass v. First National Realty Corp.,* 543 F.2d at 902. Adopting the statutory standard serves "the interests of uniformity, objectivity, and practical judicial administration . . . . It is not unrealistic to treat any fine in excess of $500 as a serious matter to all individuals . . . ." *United States v. Hamdan,* 552 F.2d at 280. We agree that § 1(3) should serve as the benchmark, and on that basis alone appellant should have had the protection of a trial by jury.

The definition in 18 U.S.C. § 1(3) is not immutable. We rely on it, however, because it is important to have an objective criterion. We recognize that, as Judge Wallace points out, reliance on a dollar figure set in 1930 has the effect, through inflation, of diminishing the category of petty offenses. *United States v. Hamdan,* 552 F.2d at 282 (Wallace, J., dissenting). Nevertheless, if by adopting the statutory standard we require too many jury trials, we properly err on the side of protecting a constitutional right.[5] *Cf. Owen v. City of Independence,* 445 U.S. 622, 652, 100 S.Ct. 1398, 1416, 63 L.Ed.2d 673 (1980). Unless the right to trial by jury in cases such as this has been clearly abrogated by history and reason, a defendant should have the benefit of the constitutional protection.

Although we believe that the *Muniz* Court did not mandate a case–by–case "to-

---

4. To be sure, the superior protection would be provided the poor. Nevertheless, the Constitution does not make distinctions based on wealth.

5. Should Congress raise the dollar figure, courts would have to reevaluate the statute to insure that it could continue to serve as the objective benchmark for constitutional analysis.

 

tality of the circumstances" analysis to determine an individual's jury rights, we would have no difficulty in determining even under that standard that a jury was required in this case. Appellant was indigent. For an indigent defendant, a $1000 fine is an unquestionably serious risk.[6] Cf. *Girard v. Goins*, 575 F.2d 160, 165 (8th Cir. 1978).

This court recognizes full well that an additional burden is placed on the judicial system each time a jury must be empanelled. Nevertheless, the Bill of Rights was not drafted with bureaucratic efficiency in mind. If indeed the crime charged here is an innocuous one, undeserving of significant judicial time, the statutory penalty should reflect that fact. At this time, it does not.

REVERSED.

SETH, Chief Judge, dissenting:

I must dissent from the position of the majority because in my view the absence of a provision for imprisonment requires a departure from the 18 U.S.C. § 1(3) guideline. The comparison to the contempt standards would seem preferable. There is no indication that *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319, was only to apply to large groups. The references in *Muniz* to the significance of a jail term is the most important aspect of the decision. It does not appear that the Court intended that the wealth or size of the defendant is to be a factor. The references in the majority opinion to the financial condition of the defendant as a problem does not appear to be created by *Muniz*.

With no imprisonment penalty in the statute before us, an application of 18 U.S.C. § 1(3) does not appear to be realistic. The imprisonment and the fine are of such disproportionate weight that we should not use imprisonment plus fine as a standard. As the Court said in *Muniz*:

"It is one thing to hold that deprivation of an individual's liberty beyond a six—month term should not be imposed without the protections of a jury trial, but it is quite another to suggest that, regardless of the circumstances, a jury is required where any fine greater than $500 is contemplated."

I would thus hold that a jury trial is not required.

---

**6.** Before the district court, appellant himself suggested that in fact a fine would not be economically onerous because he could not pay it. Record, vol. 2, at 8–9. However, we decline to create a rule based on the perverse assumption that poverty exempts a person from economic risks.