**UNITED STATES of America, Plaintiff,**

v.

**James H. LUCERO and Charles L. Lacroix, Defendants.**

**Nos. 95–10036–01, 95–10036–02.**

United States District Court, D. Kansas.

May 25, 1995.

Craig Shultz, Shultz & Lonker, Chartered, Wichita, KS, for James H. Lucero.

Eric A. Commer, Wichita, KS, Charles L. Lacroix, Wichita, KS, for Charles L. Lacroix.

Debra L. Barnett, Annette B. Gurney, Office of U.S. Atty., Wichita, KS, for the U.S.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Defendants are charged with interfering by physical obstruction with persons obtaining or providing reproductive health services in violation of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248(a)(1). Specifically, the United States alleges that the defendants welded themselves into vehicles, thereby blocking the entrances to a clinic in Wichita, Kansas, where abortions are performed. The matter is before the court on the government's motion for a bench trial. (Doc. 38).

The United States has stipulated that in this case the defendants' conduct amounted to "exclusively a nonviolent physical obstruction," subjecting the defendants to a maximum term of imprisonment of six months and a maximum fine of no more than $10,000 for the first offense. § 248b.

The Supreme Court repeatedly has held that a criminal defendant's Sixth Amendment right to a jury trial does not apply to petty offenses. *United States v. Nachtigal*, 507 U.S. ——, ——, 113 S.Ct. 1072, 1073, 122 L.Ed.2d 374 (1993). In determining whether an offense is a petty offense, the court looks primarily at the maximum penalty, *Nachtigal*, 113 S.Ct. at 1073, and in particular, at the maximum term of imprisonment. *Blanton v. City of North Las Vegas*, 489 U.S. 538, 542, 109 S.Ct. 1289, 1292, 103 L.Ed.2d 550 (1989). In *Nachtigal*, the Supreme Court held that a maximum penalty of six months imprisonment and a $5000 fine was not a sufficiently serious penalty to require a jury trial. —— U.S. at ——, 113 S.Ct. at 1074.

18 U.S.C. § 19 defines a petty offense as one which carries a maximum penalty of no more than six months imprisonment and a $5000 fine. In *United States v. McAlister*, 630 F.2d 772 (10th Cir.1980), the Tenth Circuit Court of Appeals, relying on the statutory definition of "petty offense", held that the defendant was entitled to a jury trial when the defendant faced a maximum penalty of six months imprisonment and a fine which exceeded the statutory definition.[1] The court stated that the Congressional definition of petty offense is the benchmark in the determination of whether a crime is considered serious, and that it is better to err on the side of protecting a criminal defendant's constitutional rights. *Id.* at 774.

Again, in this case, the defendants could be sentenced to a term of imprisonment of up to six months and a fine of up to $10,000.[2] This maximum penalty, then, exceeds the statutory definition of a petty offense. The court can only assume that Congress was aware of the statutory definition of petty offense when it established the penalties under the Access Act.

The court is aware that at least one court has denied a defendant's request for a jury trial under these circumstances. *Hatch v. Stadtmueller*, No. 94–3353, 1994 WL 642377 (7th Cir.1994) (unpublished decision denying petition for mandamus). Nevertheless, the court believes the Tenth Circuit Court of Appeals would hold that the defendants in this case are entitled to a trial by jury, and this court agrees that it is better to err on the side of preserving the right to a jury trial. For the foregoing reasons, the court denies the government's motion for a bench trial.

IT IS BY THIS COURT THEREFORE ORDERED that the United States' motion for a bench trial (Doc. 38) is hereby denied.

---

1. A petty offense was at that time defined as one that carried a maximum penalty of no more than six months imprisonment and a fine of no more than $500. 18 U.S.C. § 1(3) (repealed). The defendant in *McAlister* faced a maximum sentence of six months imprisonment and a $1000 fine. *McAlister*, 630 F.2d at 773.

2. The court notes that an identical second offense under the Access Act could subject the defendants to a term of imprisonment of up to eighteen months and a fine of up to $25,000. 18 U.S.C. § 248(b).