United States Court of Appeals,

Eleventh Circuit.

No. 95-5199.

UNITED STATES of America, Plaintiff-Appellee,

v.

Raymond UNTERBURGER, Eric Olson, Defendants-Appellants.

Oct. 23, 1996.

Appeals from the United States District Court for the Southern District of Florida. (No. 95-8025-CR-JAG),Jose A. Gonzalez, Jr., District Judge.

Before HATCHETT, Chief Judge, DUBINA, Circuit Judge, and COHILL[*], Senior District Judge.

DUBINA, Circuit Judge:

## I. BACKGROUND

A. *Procedural History*

This is an abortion protestor case. Appellants Eric Olson and Raymond Unterburger ("the defendants") were charged in a one-count information with violating the Freedom of Access to Clinic Entrances Act of 1994 ("Access Act" or "FACE"), 18 U.S.C. § 248(a). The information charged that the defendants used physical obstruction to intentionally intimidate and interfere with, and attempt to intimidate and interfere with, persons because they were trying to provide and obtain reproductive health services. Because the defendants had no prior convictions under the Access Act, and because the alleged offense involved "exclusively a nonviolent physical obstruction," the defendants faced a maximum prison term

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

of six months and a maximum fine of $10,000.  18 U.S.C. § 248(b).

The defendants requested a jury trial, but a magistrate judge recommended that the request be denied.  The district court overruled the defendants' objections to the magistrate judge's report, agreeing with the magistrate judge that the charged offense was not sufficiently serious to trigger the constitutional right to a jury trial.

The defendants also filed motions to dismiss the information, arguing that the Access Act was facially unconstitutional under the free speech clause of the First Amendment and that Congress lacked the power to enact the statute under the Commerce Clause.  The magistrate judge disagreed, concluding that the Access Act was content—and viewpoint—neutral, that it withstood immediate scrutiny under *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), and that it was not unconstitutionally vague or overbroad.  The magistrate judge also rejected the defendants' Commerce Clause argument.  The district judge adopted the magistrate judge's report over the defendants' objections.

The district court then conducted a bench trial and in light of the evidence presented found, beyond a reasonable doubt, that the defendants engaged in physical obstruction of the clinic, that they intentionally interfered with and intimidated two employees who provided reproductive health services at the clinic, and that the defendants engaged in such conduct because the two employees were, and had been, providing reproductive health services.  The defendants were sentenced to time served and a one-year period of supervised release.  They then perfected this appeal.

B. *Facts*

The specific events leading to the information filed against the defendants involved the blockading of the Aware Women Medical Clinic, an abortion clinic in Lake Clark Shores, Florida. The defendants accomplished the blockade by chaining themselves to the main entrance of the building that contained the clinic. The defendants took a series of steel bicycle locks and locked them around their necks so that they were linked to one another. The chain of bicycle locks was then secured to the front door of the building. Defendant Olson also attached his arm to a large concrete block that weighed between 200 and 300 pounds.

At least two staff members of the clinic were unable to enter the front door of the building because of the blockade. When a staff member asked the defendants to let her enter the building, one of them called her an "assassin."

A police officer arrived and instructed the defendants to remove themselves from the entrance of the building. When they refused to move, local officials had to obtain a "jaws of life" device to cut the chains and bicycle locks. It took local officials approximately four hours to physically remove the defendants.

## II. STANDARD OF REVIEW

This appeal involves questions of law that we review *de novo.* *O'Reilly v. Ceuleers,* 912 F.2d 1383, 1385 (11th Cir.1990).

## III. ISSUES

(1) Whether this court should reconsider its ruling in *Cheffer v. Reno,* 55 F.3d 1517 (11th Cir.1995), and hold that the Access Act

violated the First and Tenth Amendments to the United States Constitution.

(2) Whether the potential penalties under the Access Act were sufficiently severe to warrant a jury trial in this case.

## IV. ANALYSIS

The defendants' arguments in support of the first issue are foreclosed by our decision in *Cheffer v. Reno,* in which we held that the Access Act survived constitutional challenge under both the First and Tenth Amendments. Notwithstanding the defendants' request that we reconsider *Cheffer,* one panel of our court cannot unilaterally reverse circuit precedent. *See Vernon v. FDIC,* 981 F.2d 1230, 1233 n. 6 (11th Cir.1993); *Ballbe v. INS,* 886 F.2d 306, 310-11 (11th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2166, 109 L.Ed.2d 496 (1990). Accordingly, we affirm the district court's disposition of this issue.

Concerning the second issue, the defendants argue that they had a constitutional right to a jury trial under Article III and the Sixth Amendment to the United States Constitution. The defendants were each charged with an offense involving "exclusively a nonviolent physical obstruction." 18 U.S.C. § 248(b). Since it was the defendants' first violation of the Access Act, the offense was punishable by a maximum term of imprisonment of six months and a maximum fine of $10,000. *Id.* As an alternative to imprisonment, the district court could have sentenced the defendants to a five-year term of probation. 18 U.S.C. § 3561(a) & (c); 18 U.S.C. § 3559(a). In our view, these maximum penalties are not sufficiently severe to entitle the defendants to a jury trial.

In the recent case of *United States v. Soderna,* 82 F.3d 1370 (7th Cir.1996), the Seventh Circuit held: (1) that defendants are not entitled to a jury trial when charged under the Access Act with a first offense of engaging in a non-violent physical obstruction of a clinic; (2) that Congress had the authority under the Commerce Clause to enact the Access Act; and (3) that the Access Act does not violate the First Amendment.[1] *Soderna* is therefore directly on point with the issues presented in this appeal. Moreover, in *Lewis v. United States,* 516 U.S. ----, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996), the Supreme Court recently reaffirmed (1) that a defendant charged with a "petty offense" has no Sixth Amendment right to a jury trial; (2) that an offense is presumed to be "petty" if the maximum prison term authorized is no more than six months; and (3) that courts should place primary emphasis on the maximum prison term authorized—rather than on other penalties, such as fines or probation—in determining whether Congress viewed the offense as serious. 516 U.S. at ---- - ----, 116 S.Ct. at 2166-68. Although *Lewis* was not an Access Act case, its rationale and holding are certainly relevant to the jury issue in the present case.

Because we agree with the Seventh Circuit's holding in *Soderna,* we conclude that the defendants here were not entitled to a jury trial. Accordingly, we affirm the judgments of conviction.

AFFIRMED.

---

[1]But see *United States v. Lucero,* 895 F.Supp. 1419 (D.Kan.1995) (holding that defendants charged with first time nonviolent violations of the Access Act were entitled to trial by jury).