[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10291

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00246-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO DE JESUS MATUTE-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 17, 2006)**

Before EDMONDSON Chief Judge, ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Appellant challenges his 168-month sentence imposed for knowingly and willfully conspiring to possess with intent to distribute and possession of five kilograms or more of cocaine while aboard a vessel. Appellant pled guilty but appeals the district court's sentence, contending that his Fifth and Sixth Amendment rights were violated. We conclude that the appellant's rights were not violated and that he affirmatively waived any and all objections under the Sixth Amendment. Finally, we find no merit in appellant's contention that his sentence should be vacated because he was sentenced under mandatory guidelines. We affirm.

## I. Factual Background

Gerardo de Jesus Matute-Santos (hereafter referred to as "Santos"), along with six other defendants, was indicted on two counts: (1) knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a),(g),(j) and 21 U.S.C. § 960(b)(1)(B)(ii) and (2) knowingly and willfully possessing with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a), (g) and 21 U.S.C. § 960(b)(1)(B)(ii).

2

In April 2004, in international waters, approximately eighty nautical miles off the coast of Panama, a United States Coast Guard law enforcement detachment intercepted the Miss Lorraine, an eighty-foot-long Honduran fishing vessel. Pursuant to the applicable international agreement, the Coast Guard requested and received permission from Honduras to board and search the Miss Lorraine. During the search, the Coast Guard discovered evidence of cocaine in the passageways and the engine room. The Coast Guard also discovered a hidden compartment in the fuel tank which contained approximately 2,640 kilograms of cocaine.

With Santos present at the plea hearing, the government presented the above mentioned facts of the criminal offenses. After the government's factual recitation, the court asked Santos, "Is that what occurred in this case?" Santos agreed only to the facts necessary to prove all the elements of the offense and only to the facts set forth in the indictment. The government then stated its position that, by entering a guilty plea, Santos waived a jury trial on all issues, including having a jury determination as to drug quantity. Santos agreed and pled guilty to all counts.

Subsequently, a probation officer issued a presentence investigation report ("PSI"), which recounted the above mentioned facts with some additional details. The PSI stated that approximately 2,200 kilograms of cocaine were found in the secret compartment on the vessel. In addition, the PSI stated that the captain

3

informed the crew, while at sea, that he was to receive a shipment of cocaine and $150,000 for delivering the cocaine, from which he would pay the crew.

Utilizing the November 1, 2004, edition of the United States Sentencing Guidelines, the probation officer performed the appropriate sentencing calculations. He noted that a statutory minium of at least 10 years was applicable with a statutory maximum of life in prison. The calculations started with a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1).[1] The probation officer recommended an adjustment for acceptance-of-responsibility, pursuant to U.S.S.G. § 3E1.1(a),(b), which reduced the offense level by three. With a total offense level of 35 and a criminal history category of I, the guidelines imprisonment range was 168 to 210 months as to both counts, well below the statutory maximum of life imprisonment.

At the sentencing hearing, the district court asked Santos if he objected to the calculations set forth in the PSI. Santos reminded the court that he had only admitted the drug quantity set forth in the indictment and that at this time, he was raising a Blakely[2] objection to the district court's finding of drug quantity based

---

[1] A base offense level of 38 is called for when the quantity of cocaine is 150 kilograms or more.

[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding that the sentencing judge violated the Sixth Amendment right to a jury trial by enhancing the guideline offense level based on facts that neither were charged in the indictment nor proven to a jury beyond a reasonable doubt.)

upon a preponderance standard.

There followed a discussion of the holding of <u>Blakely</u> and the difference between factual findings made by a jury and those made by a judge for purposes of sentencing. This discussion included the burden of proof governing both procedures. The judge offered to empanel a sentencing jury to consider the drug quantity question based upon proof beyond a reasonable doubt. In response, Santos asked the court if exercising his right to a jury would result in losing his acceptance-of-responsibility reduction. The judge answered in the affirmative, explaining to Santos that by engaging in such a trial he would not be voluntarily accepting responsibility and would lose the three point reduction. The district court granted Santos a postponement so that he could confer with counsel and consider the court's offer.

At the second sentencing hearing, Santos withdrew his earlier objection based on the Sixth Amendment, and asked to preserve his Fifth Amendment objection that the indictment contained no "notice" of drug quantity. The district court clarified his request by asking;

> [S]o [Santos'] objection is that the indictment does not contain a specific weight above 5 kilograms? He does not object to me proceeding with the sentencing and the finding of weight based on a preponderance of the evidence standard?

The response was, "That's correct, your honor." The court made the appropriate

5

finding as to quantity (2,220 kilograms as set forth in the PSI) and then explained that "It's my intention to give Santos the low end of the guidelines, which is 168 months." Santos was sentenced to 168 months, to be followed by 5 years of supervised release

## II. Standard of Review

We review Santos' Fifth Amendment claim *de novo*. See United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004) ("We review questions of constitutional law *de novo*."), cert. denied, 543 U.S. 879 (2004). We review questions of law *de novo*. See United States v. Unterburger, 97 F.3d 1413, 1415 (11th Cir. 1996).

## III. Analysis

On appeal, Santos makes no argument as to a Sixth Amendment issue,[3] rather, he argues that his sentence was imposed in violation of his Fifth Amendment rights and must be vacated and remanded for re-sentencing pursuant to United States v. Booker, 543 U.S. 220 , 125 S.Ct. 738. 160 L.Ed.2d 621 (2005). Santos contends that the following errors occurred: (1) the district court violated

---

[3] All such objections were waived at sentencing.

6

his Fifth Amendment rights by sentencing him based on a quantity of cocaine that was not alleged in the indictment, admitted by him, nor proven to a jury beyond a reasonable doubt, (2) he was sentenced pursuant to the United States Sentencing Guidelines, which, on the date of the sentencing hearing, were mandatory and legally binding, (3) he did not receive adequate "notice" of the drug quantity, and (4) the district court's error in sentencing him was not harmless because it impacted the district court's selection of sentence. We find these arguments to be without merit.

Waiver

Before we address Santos' Fifth Amendment claims, we turn to his waiver of any Booker and Blakey objections. Santos argues that, based on Booker and Blakey, his Fifth Amendment rights were violated because he was sentenced based on a quantity of cocaine which was not alleged in the indictment, admitted by him, or proven to a jury beyond a reasonable doubt. This argument reflects a fundamental misunderstanding of the Booker line of authority.

Booker and Blakely are based on Sixth Amendment principles dealing with the right to a jury trial, and do not support the proposition that Santos' Fifth Amendment rights were violated based on the indictment's failure to allege the quantity of cocaine. See generally, Blakely, 542 U.S. 296, 124 S.Ct. 2531, L.Ed.2d

7

403; Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.

In addition, our precedent has made it clear that it is not necessary that the allegations in an indictment set forth any specific quantity of drugs. See United States v. Maldenaldo Sanchez, 269 F.3d 1250 (11th Cir. 2001) cert denied, 535 U.S. 942.

> "[E]ven if an indictment for a[n] . . . offense does not allege a specific drug quantity, it is legally and constitutionally sufficient both before and after Apprendi, and a district court may still accept the defendant's guilty plea . . .or . . . sentence the defendant for that charge. Maldenaldo Sanchez, 269 F.3d at 1275 (emphasis added). Moreover,

> [w]hen a specific drug quantity triggers a mandatory minimum sentence or is used in a U.S. Sentencing Guidelines Manual calculation, and results in a sentence at or below the otherwise applicable maximum penalty . . . there is no Apprendi error and there is no requirement that a specific drug quantity be alleged in the indictment, submitted to a jury, and proven beyond a reasonable. doubt.
> Id. at 1288 (emphasis added).

It is clear in this record that Santos waived any Booker and Blakely arguments when he expressly withdrew his Sixth Amendment objection in the district court. The district court explained to Santos that if it was his desire to have a jury determine the quantities of drugs involved, such a request would be granted. In that instance, the burden of proof would be beyond a reasonable doubt. The court granted Santos a recess so that he could consider this offer. Santos declined the offer. At the second sentencing hearing, Santos withdrew his earlier objection

based on the Sixth Amendment, and asked the court to preserve his Fifth Amendment objection that the indictment contained no "notice" of drug quantity. The district court clarified his withdrawal by asking;

> [S]o [Santos'] objection is that the indictment does not contain a specific weight above 5 kilograms? He does not object to me proceeding with the sentencing and the finding of weight based on a preponderance of the evidence standard?

Defense counsel agreed. Under these circumstances Santos has waived any objection to a "judicial" drug quantity finding based upon a preponderance of the evidence standard, whether based on the Sixth Amendment or the Fifth Amendment. In other words, the foregoing colloquy constitutes an express agreement that the judge can find the weight of the drug based on a preponderance of the evidence. Santos will not be heard now to argue, contrary to that agreement, that the judge should not have made such findings.

Fifth Amendment

In addressing Santos' Fifth Amendment arguments, we find that Santos has failed to establish a violation. The arguments presented are that: (1) a Booker error is present, because, within the operation of a mandatory guideline system, any fact that increases a defendant's "statutory maximum sentence" range must first be charged by indictment, and (2) the government failed to provide "notice" of drug quantity as articulated in the Fifth Amendment. Both of these arguments are unpersuasive.

9

We noted above that this first Fifth Amendment argument was waived when Santos agreed that the judge could find the drug weight by a preponderance. Even if the argument had not been waived, we reject it alternatively on the merits. The indictment charged Santos with crimes that involved five kilograms or more of cocaine which were found on the Miss Lorraine. Pursuant to 21 U.S.C. § 960(b), the "statutory maximum sentence" is life in prison. It is irrelevant that the district court ultimately sentenced Santos based on a quantity of cocaine not alleged in the indictment, because this action did not alter the applicable "statutory maximum sentence." Ultimately, the district court imposed a sentence of 168 months in prison, which is well below the "statutory maximum sentence." The district court's judicial drug quantity finding, based upon a preponderance of the evidence standard, did not violate Santos' Fifth Amendment rights because the sentence imposed did not exceed the statutory maximum based upon the allegations in the indictment.

Santos' notice argument is also without merit. According to the record, it is clear that Santos was aware of the quantity of cocaine found on the vessel at the time he entered his guilty plea. The following facts are undisputed: (1) Santos was present at the plea hearing when the government recited the quantity of cocaine seized, (2) attached to the criminal complaint giving rise to the arrest warrant was an affidavit setting forth the amount of cocaine seized from the Miss Lorraine, and

(3) the PSI report referenced the quantity of cocaine seized. Prior to the entry of his guilty plea and prior to sentencing, Santos was given repeated "notice" of drug quantity.

Santos also contends that the district court committed a Booker error when it enhanced his sentence pursuant to a mandatory application of the Sentencing Guidelines. Because Santos failed to raise this issue in the district court, we review the mandatory nature of the guidelines for plain error. See United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005) cert. denied, 125 S.Ct. 2935 (2005). To prevail under plain error review, Santos must prove an: "(1) error, (2) that is plain, and (3) that affects substantial rights." Rodriguez, 398 F.3d at 1298. We agree that after Booker there is error and that it is plain. As we explained in Rodriguez, however, it is the third prong that is most difficult. Santos has the burden of establishing a reasonable probability that if the sentencing judge had known the guidelines were merely advisory and had taken into account any other unconsidered § 3553[4] factors, he would have imposed a lower sentence. Santos has failed to meet this burden. Although in sentencing Santos the judge stated, "It's my intention to give [Santos] the low end of the Guidelines," the judge made no indication that he would have imposed a shorter sentence had he known the guidelines were merely advisory. The mere fact that the district judge sentenced

---

[4] See 18 U.S.C. § 3553(a).

Santos at the low end of the range established by the Sentencing Guidelines does not establish sufficient prejudice under the plain error standard. See United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005) (concluding that a district court's decision to sentence a defendant at the low end of the guidelines range, without more, was insufficient to establish defendant's burden on the third prong of the plain error test).

## IV. Conclusion

Finding no merit in the contentions raised, we affirm.

**AFFIRMED**