UNITED STATES of America,

v.

John CUSICK, Defendant.

Criminal Action No. 11–10066–LTS.

United States District Court,
D. Massachusetts.

Aug. 11, 2011.

Suzanne M. Sullivan, United States Attorney's Office, Boston, MA, for United States of America.

## MEMORANDUM AND ORDER ON MOTION FOR JURY TRIAL.

SOROKIN, United States Magistrate Judge.

The United States has charged Cusick with a violation of Title 16 U.S.C. § 1857(1)(L). Cusick faces a maximum punishment of six months in custody and a fine of up to one hundred thousand dollars, as well as the applicable special assessment. 16 U.S.C. § 1859(b). He claims a jury trial. The Government asserts he has no such right in this case, especially given that the Government has disavowed seek-

ing a fine of more than five thousand dollars. ·

The Supreme Court has ruled that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). "In determining whether a particular offense should be categorized as 'petty,' [and thus not subject to trial by jury] ... the most relevant such criteria [is] the severity of the maximum authorized penalty." *Blanton v. North Las Vegas*, 489 U.S. 538, 541, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). In considering the applicable penalty, the Supreme Court did "not refer solely to the maximum prison term authorized for a particular offense," but "'whether the length of the authorized prison term *or the seriousness of other punishment* is enough in itself to require a jury trial.'" *Id.* (quoting *Duncan*, 391 U.S. at 161, 88 S.Ct. 1444) (emphasis supplied in *Blanton*). Nonetheless, "[p]rimary emphasis ... must be placed on the maximum authorized period of incarceration" because incarceration is "'intrinsically different'" than a fine, and "is the most powerful indication of whether an offense is 'serious.'" *Id.* (quoting *Muniz v. Hoffman* 422 U.S. 454, 477, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975)). Thus, a defendant facing a maximum period of incarceration of six months confronts a presumption that the offense is "petty" and can obtain a jury trial "only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543, 109 S.Ct. 1289.

Federal petty offenses are punishable by a maximum of six months incarceration and a five thousand dollar fine, 18 U.S.C § 19, and do not give rise to a right to a jury trial. *Blanton*, 489 U.S. at 542, 109 S.Ct. 1289. While the defendant in this case faces up to six months incarceration, a term too short to give rise to a right to a jury trial, he also faces (under the law) a fine of up to one hundred thousand dollars—a punishment significantly greater than that applicable to the statutory petty offenses, 18 U.S.C. §§ 19, 3571, and a punishment equal to the monetary punishment applicable to a Class A Misdemeanor, 18 U.S.C. § 3571(b)(5), which carries a maximum period of incarceration of one year. 18 U.S.C. § 3559(6). Indisputably, at least based upon the possible one year of incarceration, a Class A Misdemeanor is a "serious" offense for which a defendant has a right to a jury trial.

Several reasons persuade me that the offense charged in this case is an example of the "rare situation where a legislature packs an offense it deems 'serious' with onerous penalties that nonetheless" do not cross the six month incarceration line. *Blanton*, 489 U.S. at 543, 109 S.Ct. 1289. Congress' own judgments are the best evidence of the serious nature of this monetary punishment. Congress has determined that one hundred thousand dollars is the maximum fine applicable to a "serious" offense, a Class A Misdemeanor. This is powerful evidence of Congress' judgment that the charged offense is a serious one.

Congress also expressed its judgment that the offense is a serious one in several other applicable statutes. As a general matter, Congress has divided criminal prosecutions into three categories: felonies for which all trials must proceed before a district judge; certain misdemeanors for which defendants possess the right to trial before a district judge, with the option to consent to trial before a magistrate judge; and, other misdemeanors for which defendants possess no right to trial before a

district judge. Fed.R.Crim.P. 58(b)(2)(E); 18 U.S.C. § 3401(b) (providing that "[a]ny person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge"). The division Congress created, although expressed in different terms, largely mirrors the Supreme Court's serious/non-serious classification. Without doubt, under the rule and statute, defendants are entitled to trial before a district judge on any "serious" criminal prosecution.

Congress also specifically addressed cases such as this one that are non-serious based on the maximum authorized period of incarceration, but are (or might be) "serious" based upon the fine amount. Such offenses are not "petty offenses." Title 18 U.S.C. § 19 provides that a " 'petty offense' means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual." Section 3559(a)(7) defines a Class B misdemeanor as an offense punishable by "six months or less but more than thirty days" of imprisonment. In terms of incarceration, the charged offense qualifies as a Class B misdemeanor under § 3559. Section 19 requires more, however, to qualify an offense as a "petty offense." The maximum fine for the charged offense must not exceed the fine amount listed for that category of offense in § 3571(b). The one hundred thousand dollar fine exceeds the five thousand dollar default fine authorized for a Class B misdemeanor. Thus, the offense charged here, although a Class B misdemeanor, is not a petty offense. This means that Congress has made the judgment, expressed in § 3401, that defendants facing prosecution under the statute Cusick allegedly violated are entitled to trial before a district judge. While the Supreme Court has found that the petty offense statutory definition does not have "talismanic significance," *Muniz v. Hoffman*, 422 U.S. 454, 477, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975), and the Seventh Circuit has stated that the definition does not determine the constitutional question of the right to a jury trial, *United States v. Soderna*, 82 F.3d 1370, 1379 (7th Cir.1996) (citing *Muniz*, 422 U.S. at 477, 95 S.Ct. 2178), the defendant in this case is entitled to a jury trial because of Congress' specific provision that an offense such as the one charged here warrants trial before a district judge. This is at least some evidence of a Congressional judgment that the charged offense is a "serious" offense.

Second, the only decision the parties have cited, or the Court has found, which has considered the precise question before the Court—whether a defendant facing six months and a one hundred thousand dollar fine has a right to trial by jury—determined that the offense was "serious." *United States v. Donovo*, 2002 WL 1874838 (D.Alaska, Aug. 7, 2002). Although *Donovo* is not binding authority, the reasoning of the Court is persuasive.[1]

---

1. Other decisions, at lower fine levels are mixed, but weigh against jury trials at fines in the ten thousand dollar to twenty-five thousand dollar range. *Compare United States v. McAlister*, 630 F.2d 772 (10th Cir.1980) (reversing, pre-*Blanton*, denial of jury trial in prosecution in which defendant faced no incarceration but a maximum fine of one thousand dollars, twice the then-applicable maximum for petty offenses defined by federal statute); *United States v. Lucero*, 895 F.Supp. 1419, 1420 (D.Kan.1995) (allowing jury trial in a ten thousand dollar fine case); *with United States v. Clavette*, 135 F.3d 1308, 1310–11 (9th Cir.1998) (rejecting claim for jury trial in prosecution carrying maximum six months imprisonment and twenty-five thousand dollar fine); *United States v. Soderna*, 82 F.3d 1370, 1378 (7th Cir.1996) (same at ten thousand dollars); *United States v. Unterburger*, 97 F.3d 1413 (11th Cir.1996) (same); *United States v. Brock*, 863 F.Supp. 851 (E.D.Wis. 1994) (same).

Third, the Second Circuit has ruled that a corporation is entitled to a trial by jury in any case in which the corporation faces a fine of one hundred thousand dollars or more. *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 665 (2d Cir.1989). Whatever the continuing vitality of *Twentieth Century Fox* after *Blanton,* the law remains clear that some level of monetary fine is a sufficiently onerous punishment to entitle a corporate defendant to a jury trial, *See Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 837–38, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (ruling that fifty-two million dollars in fines entitled union to jury trial), although no clear consensus emerges from the case law. *See* Ian Adlestein, *A Corporation's Right to a Jury Trial Under the Sixth Amendment,* 27 U.C. Davis L. Rev. 375, 449–58 (1994).

Finally, two of the Government's arguments are unpersuasive. The United States has represented that it would not seek a fine in excess of five thousand dollars. The Supreme Court, however, has made clear that such a representation is irrelevant to the question before the Court: *Blanton* establishes that the relevant focus is upon the "maximum authorized period of incarceration" and the "legislative determination" of seriousness reflected in the length of the incarceration period. *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289; *See also United States v. Clavette,* 135 F.3d 1308, 1310 (9th Cir. 1998) (deeming government's agreement to limit the fine it would seek as "irrelevant" to the jury trial question). Certainly in the criminal contempt cases cited by the Government, the "Court was unable to determine the legislature's judgment of the character of [the] offense, however, because the legislature had not set a specific penalty for criminal contempt. In such a situation, where the legislature has not specified a maximum penalty courts use the severity of the penalty actually imposed as the measure of the character of the particular offense." *Lewis v. United States,* 518 U.S. 322, 328, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). That is unnecessary and irrelevant when, as here, Congress has specified the maximum punishments. *Id.*

Accordingly, the Motion for Jury Trial (Docket #11) is ALLOWED. Because the Defendant is entitled to trial before a district judge (independent of the jury trial determination), the Court will conduct the colloquy provided for in § 3401, on September 13, 2011 at 2:00 p.m. in Courtroom #24. In the case of a waiver (as defense counsel indicated might occur), trial will commence, as previously scheduled, on October 24, 2011 at 9:00 a.m. in Courtroom #24. The Court will hold a final pretrial conference on October 19, 2011 at 3:00 p.m. The Parties shall file proposed jury instructions, proposed voir dire, and motions in limine, if any, by October 14, 2011 with responses due by October 17, 2011. In the absence of a waiver, this case will be reassigned to a district judge for scheduling of a trial.