UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth A. KOZEL,
Defendant–Appellant.

No. 89–3161.

United States Court of Appeals,
Seventh Circuit.

Argued May 9, 1990.

Decided July 26, 1990.

Rehearing and Rehearing En Banc
Denied Sept. 11, 1990.

Thomas E. Karmgard, Frances C. Hulin, Asst. U.S. Attys., Danville, Ill., for plaintiff-appellee.

John A. Betts, Marseilles, Marseilles, Ill., Kenneth A. Kozel, Leo J. Schwamberger, Leo J. Schwamberger, Ltd., LaSalle, Ill., for defendant-appellant.

Before POSNER and FLAUM, Circuit Judges, and WILL, Senior District Judge.*

* The Honorable Hubert L. Will of the United States District Court for the Northern District of

WILL, Senior District Judge.

Article III, § 2, provides that "The Trial of all Crimes, except in Cases of Impeachment; shall be by Jury," and the Sixth Amendment guarantees a jury trial "in all criminal prosecutions." But "petty" crimes or offenses are not subject to the jury trial clauses, *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968); *District of Columbia v. Clawans*, 300 U.S. 617, 624, 57 S.Ct. 660, 661, 81 L.Ed. 843 (1937); *Callan v. Wilson*, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888), and criminal contempt can be a petty offense. *Muniz v. Hoffman*, 422 U.S. 454, 475–76, 95 S.Ct. 2178, 2190, 45 L.Ed.2d 319 (1975); *Taylor v. Hayes*, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701, 41 L.Ed.2d 897 (1974); *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 1504, 23 L.Ed.2d 162 (1969); *Bloom v. Illinois*, 391 U.S. 194, 198, 88 S.Ct. 1477, 1480, 20 L.Ed.2d 522 (1968); *Cheff v. Schnackenberg*, 384 U.S. 373, 379–80, 86 S.Ct. 1523, 1525–26, 16 L.Ed.2d 629 (1966).

Kenneth Kozel was charged under 18 U.S.C. § 401(3) (1988) with three instances of criminal contempt: appearing in federal court in Danville on May 12, 1988 without having been admitted to practice in the Central District of Illinois, a violation of Local Rule 1(E), appearing in federal court in Danville on January 20, 1989, forty minutes late; and failing to appear on February 9, 1989, after having been ordered to appear to show cause why he should not be held in contempt of court.

The government, hoping that it could avoid a jury trial by tracking the definition of "petty offense" contained in 18 U.S.C. §§ 19, 3559(a)(7) and 3571(b)(6, 7) (1988)—

and apparently without considering the arguable relevance of *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974)—offered to "be bound by a maximum penalty of six months imprisonment and a $5,000 fine for *each* instance of contempt which is proved." Government's Memorandum of Law on Criminal Contempt Proceedings, Plaintiff–Appellee's Appendix 5 (emphasis added).[1] On the basis of that offer, and with the court's concurrence, Kozel's acts of contempt were treated as "petty" and tried to the bench. The court found Kozel guilty of two instances of contempt (violation of Local Rule 1(E) and failure to appear) but acquitted him of the third (tardiness), fined him $600 and ordered him to request and accept appointment, pro bono, in five criminal cases over the next two years. Kozel has not attacked the sentence as unauthorized or an abuse of discretion. He argues that he was wrongfully denied a jury trial and that 18 U.S.C. § 19 creates an entitlement to one in any case of criminal contempt where a prison sentence might be imposed. The government argues that no jury was called for and that § 19 is the basis for denying one. Both sides have botched it.

▬ Section 19 is not grounds by itself for refusing a jury demand.[2] Congress cannot narrow the scope of the jury trial clauses by statutory enactment. The government has missed the mark. Congress could, however, effectively enlarge the scope of the jury clauses by legislative pronouncement, and Kozel imagines that it has done so. He has missed the mark too. Former 18 U.S.C. § 1(3) contained an express reference to imprisonment, see *supra* note 2, while the newer § 19 does not, and

---

Illinois, Eastern Division, is sitting by designation.

1. See *Codispoti*, 418 U.S. at 517, 94 S.Ct. at 2693 (1974) (rejecting Pennsylvania's argument that multiple instances of contempt, arising "from a single trial, ... charged by a single judge, and ... tried in a single proceeding," were nonetheless "separate offenses and that, because no more than a six months' sentence was imposed for any single offense, each contempt was necessarily a petty offense triable without a jury").

2. Title 18, U.S.C., § 19 provides that a "petty offense" is "a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7)...." Previously, "petty offense" was defined by 18 U.S.C. § 1(3) (repealed by Pub.L. 98–473, 98 Stat. 2027), which provided that a petty offense was "any misdemeanor, the penalty for which, as set forth in the provision defining the offense, does not exceed imprisonment for a period of six months or a fine of not more than $5,000...."

in that change Kozel purports to find a statutory entitlement, arguing that by its silence about prison time § 19 must be read to abolish prison sentences for "petty offenses," making any crime for which a prison term might be imposed a "serious" offense to be tried to a jury if the defendant demands it. But that is nonsense.

Nothing in § 19 creates a statutory entitlement to a jury trial, for criminal contempt or any other crime. There's no mention of juries in § 19 and no implication that a right to a jury trial should be read in. Compare 18 U.S.C. §§ 402, 3691, and 3692 (1988) and 42 U.S.C. §§ 1995 and 2000h (1982), which explicitly create entitlements to a jury trial for various kinds of criminal contempt. The argument that § 19 abolishes prison sentences for "petty offenses" also fails. Section 19 does no such thing. It expressly refers to Class B and C misdemeanors, and 18 U.S.C.A. § 3581 (Supp.1989) authorizes prison sentences not only for misdemeanors but even for infractions. The purpose of § 19 is simply to limit prison time for crimes covered by that section to six months, see 18 U.S.C. § 3559(a)(7), without forbidding it, and to put a cap of $5,000 on the fines that can be imposed. See 18 U.S.C. § 3571(b)(7). Section 19 neither expands nor limits a defendant's statutory right to a jury trial for criminal contempt and may inform but does not control interpretation of the jury clauses in Article III and the Sixth Amendment.

■ That leaves the jury clauses themselves. As indicated, Kozel did not have a statutory right to a jury trial. But did he have a constitutional right to one? Again, the answer is no. The relevance of the jury clauses in a trial for criminal contempt turns on the severity of the sentence actually imposed. *Bloom,* 391 U.S. at 211, 88 S.Ct. at 1487. See also *Codispoti,* 418 U.S. at 511, 94 S.Ct. at 2690; *Taylor,* 418 U.S. at 495, 94 S.Ct. at 2701; *Frank,* 395 U.S. at 149–50, 89 S.Ct. at 1505–06. And in the

absence of a legislative declaration to the contrary, a sentence of six months or less (plus normal periods of probation, *Frank,* 395 U.S. at 150–51, 89 S.Ct. at 1506) may be imposed without an opportunity for a trial by a jury. *Cheff,* 384 U.S. at 380, 86 S.Ct. at 1526. See also *Muniz,* 422 U.S. at 476, 95 S.Ct. at 2190; *Codispoti,* 418 U.S. at 511–12, 94 S.Ct. at 2690–91; *Taylor,* 418 U.S. at 496, 94 S.Ct. at 2702; *Baldwin v. New York,* 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970). Strictly speaking, Kozel got no time. He was sentenced, however, to a fine and a dose of community service, raising an interesting question. When, if ever, do contempt sentences other than imprisonment require an opportunity for a jury trial? See *Muniz,* 422 U.S. at 475–76, 95 S.Ct. at 2190 (framing but not clearly answering that question).

Kozel has not argued that compliance with an order to take on five cases amounts to such a restraint on his liberty that a jury trial was required. Instead, he argues that the value of five cases, in time and labor, exceeds the $5,000 ceiling set by 18 U.S.C. §§ 19 and 3571(b)(6, 7) on fines for petty offenses. As we have already seen, Congress' definition of a petty offense has no "talismanic significance." *Muniz,* 422 U.S. at 477, 95 S.Ct. at 2190.[3] More to the point, court-ordered community service is not a fine. The proper analogy would be to work release or probation, which are forms of punishment imposed because they serve purposes that fines do not. Kozel's sentence cannot and should not be translated into dollars and cents; and that he might be able to charge paying clients more than $5,000 for the work the district court has ordered him to do for free does not trigger constitutional concerns about his right to a jury trial. Neither does the fact that proceedings before the Illinois Attorney Registration and Disciplinary Commission may follow from his conviction—otherwise, every successful criminal contempt charge filed against a lawyer in Illinois would re-

---

**3.** See also *Girard v. Goins,* 575 F.2d 160 (8th Cir.1978). But cf. *United States v. Professional Air Traffic Controllers Org.,* 678 F.2d 1 (1st Cir. 1982); *United States v. McAlister,* 630 F.2d 772 (10th Cir.1980); *United States v. Hamdan,* 552 F.2d 276 (9th Cir.1977); *Douglass v. First Nat'l Realty Corp.,* 543 F.2d 894 (D.C.Cir.1976).

quire a jury upon demand, since attorney convictions constitute grounds for possible inquiry by the A.R.D.C. and must be reported. Illinois Supreme Court Rule 761, Ill.Ann.Stat. ch. 110A, ¶ 761 (Smith–Hurd 1985).

Three more points need mention.

 **1.** Sanctions for criminal contempt depend on proof of a willful violation of a lawful, definite and specific court order. *United States v. Twentieth Century Fox Film Corp.,* 882 F.2d 656, 659 (2d Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 722, 107 L.Ed.2d 741 (1990). Paragraph 1 of the information and petition filed against Kozel charged that he "appeared before the United States District Court for the Central District of Illinois ... without having been admitted to practice before that court," in violation of Local Rule 1(E) of the Central District. Local Rule 1(E) provides that:

> [a]ny person who, before his or her admission to the bar of this Court ... exercises in this District any of the privileges of a member of said bar in any action or proceeding pending in this Court, or who pretends to be entitled to do so, may be adjudged *guilty of contempt of court.*

Kozel contends that 1(E) does not definitely and specifically require what his conviction presupposes—that only members of the district bar can appear in court. We disagree. Although plainer statements can be found, compare Local Rule 3.10 for the Northern District of Illinois ("[O]nly members in good standing of the bar of this Court may enter appearance of parties ..."), if any "privilege" is sensibly reserved to members of the bar, then appearing on behalf of a party in a pending proceeding clearly is, and Local Rule 1(E) establishes at least that much. It is possible of course for a rule to be so unclear as to fail entirely to require or forbid anything. Hence the due process doctrine of vagueness. *Lanzetta v. New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). But Local Rule 1(E) is not on its face repugnant to due process, it is not so vague that it "proscribe[s] no comprehensible course of conduct at all," *United States v.*

*Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975), and judged as applied here, *Maynard v. Cartwright,* 486 U.S. 356, 361, 108 S.Ct. 1853, 1857–58, 100 L.Ed.2d 372 (1988), it is not a trap for the unwary. A reasonable person would have known that entering an appearance without having joined the district bar was conduct covered and forbidden by the rule. See *Cartwright,* 486 U.S. at 361, 108 S.Ct. at 1857–58. And Kozel had notice. When he entered his appearance, the district court distinctly asked whether or not he was a member of the district bar.

 **2.** Criminal contempt—like other criminal charges—must be proved beyond a reasonable doubt. The district judge never stated on the record that the government's proof had met that standard. He made detailed findings but without mentioning, either in open court or on paper, reasonable doubt or any other standard of proof. Kozel concludes therefore that he was not found guilty beyond a reasonable doubt. District judges and magistrates, however, are well aware of the rudimentary requirement that guilt must be proved beyond a reasonable doubt, and absent a clear sign that some other standard of proof has been used—and there is no such indication here—we will not infer that such a basic norm of our legal system was contravened or ignored. *United States v. Van Fossan,* 899 F.2d 636, 638 (7th Cir.1990). Express statements of the applicable burdens and standards, made on the record, would obviously prevent issues like this from appearing on appeal.

**3.** Kozel presses five more arguments. One (speedy trial) is disposed of by 18 U.S.C. § 3172(2) (1988). The others do not merit discussion.

The judgment of the district court is

AFFIRMED.