**UNITED STATES of America Plaintiff**

v.

**Fermin L. ARRAIZA NAVAS, et al. Defendants**

**No. 01–567(SEC), 01–569(DRD).**

United States District Court, D. Puerto Rico.

Dec. 4, 2001.

Jorge E. Vega–Pacheco, U.S. Attorney's Office, Hato Rey, PR, for Plaintiffs.

Judith Berkan, Berkan/Mendez, San Juan, PR, Federico Lora–Lopez, San Juan, PR, José R. Ortíz–Vélez, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants Fermín Arraiza Navas and Luis Irizarry's request for bail on appeal (Docket # 32). The Government has opposed said request, and having considered both arguments, Defendants' motion is **DENIED.**[1]

### Factual Background

Defendants were arrested by U.S. Navy Security officers in Vieques, Puerto Rico. On November 13, 2001, they were found guilty of the misdemeanor charges after a trial conducted before Magistrate Judge Aida Delgado. Defendants Arraiza and Irizarry were sentenced to twenty (20) and forty (40) days in prison, respectively. Defendants have appealed their conviction to this Court, pursuant to 18 U.S.C. § 3402. Bail pending appeal was denied by the Magistrate after the sentence was imposed. Defendants now come before us and request that bail pending appeal be granted.

### Applicable Law and Analysis

The law governing requests for bail pending appeal is set out in 18 U.S.C. § 3143(b):

the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal... be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released...; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

In this case, the Court has no trouble finding that Defendants are not likely to flee, or to pose a danger to the safety of any other person or the community if released. Further, there is no indication that Defendants' appeal is taken for the purpose of delay. The decision whether to grant Defendants bail, then, rides on their appeal's probability of success.

In their appeal, Defendants argue that the Magistrate lacked authority to preside over the trial and impose the sentences in this case. After the November 13, 2000 amendments to Title 18, U.S. Magistrate Judges have the authority to try and sentence petty offenses. However, Defendants argue that in those Class B misdemeanors in which a term of imprisonment can be imposed, the consent of defendants is still required. Since Defendants in this case did not give their consent to be tried

1. Defendant Fermín Arraiza Navas was actually released from prison on November 29, 2001, having served the totality of his sentence. His request for bail on appeal has, therefore, become moot. Defendant Luis Irizarry, on the other hand, still remains incarcerated.

by the Magistrate and two of them received a jail sentence, they argue that the Magistrate did not have jurisdiction over their cases.

Furthermore, Defendants argue that the Government did not present evidence beyond a reasonable doubt to find Defendants guilty of the offense. However, since this second argument is not discussed in Defendants' motion, the Court will disregard it for purposes of the issue of bail on appeal.

The first argument, with respect to the Magistrate's authority to try the cases, was already brought up by Defendants before the Magistrate in their motion to vacate the order for consolidation of the cases and to continue the bench trial before Magistrate Delgado (Docket ##11 and 13). This motion was denied by Magistrate Delgado (Docket # 14), and Defendants filed an interlocutory appeal to this Court (Docket ##17, 18, 20 and 21). Said appeal was denied due to this Court's lack of jurisdiction at that time (Docket # 22).

Section 3401 of Title 18 of the United States Code provides that "[w]hen specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." 18 U.S.C. § 3401(a). This grant of jurisdiction, however, is limited by Section 3401(b), which was amended on November 13, 2000, to read, in pertinent part: "Any person charged with a misdemeanor, **other than a petty offense** may elect, however, to be tried before a district judge for the district in which the offense was committed." 18 U.S.C. § 3401(b) (emphasis added). This grant of jurisdiction is reiterated in 28 U.S.C. § 635(a): "Each United States magistrate serving under this chapter shall have within the territorial juris-

diction prescribed by his appointment... (3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section; (4) the power to enter a sentence for a petty offense; and (5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented." 28 U.S.C. § 635(a) (emphasis added).

It is clear, then, that magistrates have been granted the power by Congress to conduct trials and enter sentences in cases of petty offenses. Petty offenses are defined in 18 U.S.C. § 19:

"As used in this title, the term "petty offense" means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual or section 3571(c)(6) or (7) in the case of an organization." 18 U.S.C. § 19. Section 3571(b)(6) limits the fines that can be imposed to an individual for a Class B or C misdemeanor to $5,000.00. Defendants argue that, by specifying that a Class B misdemeanor must carry a fine less than $5000.00 to be a petty offense, the definition excludes all offenses in which a term of imprisonment is imposed. Defendants contend that since Section 3571(b)(6) does not provide for a term of imprisonment, no such sentence can be imposed for a petty offense. The problem with this argument is that Section 3571(b)(6) is only concerned with fines. The maximum sentence of imprisonment to be imposed for Class B misdemeanors is established in 18 U.S.C. § 3581(b)(7) as not more than six months.

Six months is exactly the amount of time that courts have found is the cutoff between "petty offenses" and more serious crimes which afford the defendant the right to a jury trial. The Court of Appeals

for the Eleventh Circuit recently held that "a crime that carries a maximum incarcerative term of six months or less is presumed petty." *U.S. v. Chavez*, 204 F.3d 1305, 1310 (11th Cir.2000). In *Chavez*, the court concluded that a Class B misdemeanor, which carries a maximum penalty of six months of imprisonment or a $5,000.00 fine or both, was a petty offense. *Id.* at 1311. "Congress has expressly designated Class B misdemeanors as 'petty offense[s].' *See* 18 U.S.C. § 19." *Id.*

As a matter of fact, Defendants' argument has been previously considered by the Seventh Circuit in the context of the right to a jury trial:

> Former 18 U.S.C. § 1(3) contained an express reference to imprisonment, see *supra* note 2, while the newer § 19 does not, and in that change [defendant] purports to find a statutory entitlement, **arguing that by its silence about prison time § 19 must be read to abolish prison sentences for "petty offenses," making any crime for which a prison term might be imposed a "serious" offense** to be tried to a jury if the defendant demands it. **But that is nonsense.**

*U.S. v. Kozel*, 908 F.2d 205, 206–207 (7th Cir.1990) (emphasis added). The Seventh Circuit went on to explain:

> **The argument that § 19 abolishes prison sentences for "petty offenses" also fails.** Section 19 does no such thing. It expressly refers to Class B and C misdemeanors, and 18 U.S.C.A. § 3581 (Supp.1989) authorizes prison sentences not only for misdemeanors but even for infractions. The purpose of § 19 is simply to limit prison time for crimes covered by that section to six months, see 18 U.S.C. § 3559(a)(7), without forbidding it, and to put a cap of

$5,000.00 on the fines that can be imposed. See 18 U.S.C. § 3571(b)(7).

*Id.* at 207 (emphasis added).

■ In the case before us, Defendants were tried and convicted of a Class B misdemeanor for which the maximum sentence was six months of imprisonment and/or a $5,000.00 fine. Therefore, these were petty offenses, which could be tried before a magistrate, and Defendants' argument raises no substantial question of law that would likely result in reversal.

■ Defendant also contends that Fed. R.Crim.P. 58 limits the power of a magistrate to conduct trials and impose sentences in cases of Class B misdemeanor motor-vehicle offenses, Class C misdemeanors, and infractions. The problem with this argument is that jurisdiction to conduct trials and impose sentences is conferred on the magistrates through the statutes discussed above, and not through the Federal Rules of Criminal Procedure. Furthermore, the amendments to 18 U.S.C. § 3401 and 28 U.S.C. § 635 were promulgated after Rule 58. This means that the grant of jurisdiction contained in these amendments takes precedence over any limits which Rule 58 might have imposed previously. While "there are relatively few instances in which the federal courts have been called upon to address a conflict between a federal rule of criminal procedure and a more recently enacted federal statute, in every case, the more recent statute has been found to modify the rule of criminal procedure." *United States v. Hinton*, 2000 WL 717085, at *1 (10th Cir. June 2, 2000) (unpublished disposition). *See also Government of the Virgin Islands v. Parrott*, 476 F.2d 1058 (3d Cir.1973). In *Hinton*, the Court held that the more recent 1996 amendments to 18 U.S.C. § 3401 superseded the conflicting provision in Rule 58. Again, Defendants'

argument is, therefore, likely to fail on appeal.

 Lastly, Defendants argue that the Magistrate improperly used computer print-outs to establish her priority of assignment; and that the Chief Judge's Memorandum of April 26, 2001, providing for the random assignment of cases to U.S. Magistrate Judges, is in contravention of the Constitution and laws of the United States. However, as previously discussed, Section 3401 of Title 18 of the United States Code provides that "[w]hen **specially designated to exercise such jurisdiction by the district court or courts he serves,** any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." 18 U.S.C. § 3401(a) (emphasis added). The statute which confers jurisdiction on the magistrates, therefore, also gives the power to the district courts where those magistrates serve to designate the exercise of said jurisdiction as the court might see fit. The Chief Judge's Memorandum, as well as the random computer assignment of cases, were nothing but the correct exercise of the Court's administrative discretion granted by 18 U.S.C. 3401(a). Hence, it is unlikely that Defendants' convictions will be overturned on appeal due to the assignment of their cases to the Magistrate Judge.

### Conclusion

In conclusion, the Court finds that Defendants' appeal does not have the likelihood of success required by 18 U.S.C. § 3143(b) for a grant of bail pending appeal. Therefore, Defendants' request is **DENIED.**

**SO ORDERED.**