**UNITED STATES of America Plaintiff**

v.

**Fermin L. ARRAIZA NAVAS, et al. Defendants**

**Nos. CRIM.01–567(SEC), CRIM.01–568, CRIM.01–569.**

United States District Court,
D. Puerto Rico.

June 11, 2002.

---

Jorge A. Vega–Pacheco, U.S. Attorney's Office, San Juan, for Plaintiffs.

Judith Berkan, Esq., Berkan & Mendez, G–11 O'Neill, Federico Lora–López, Esq., San Juan, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court are Defendants' appeals to their convictions (**Docket 31 and 39**). The Government has duly filed a response brief (**Docket # 40**), and having considered both arguments, Defendants' appeals will be **DENIED**, and their convictions will be **AFFIRMED**.

### Factual Background

Defendants were arrested by U.S. Navy Security officers, and charged with illegally entering the limits of Camp García Naval Installation at Vieques, Puerto Rico, without proper permission or authority, in violation of 18 U.S.C. § 1382 and 32 C.F.R. §§ 770.35–770.40. On November 13, 2001, they were found guilty of the misdemeanor charges after a trial conducted before U.S. Magistrate Judge Aida Delgado. Defendants have appealed their conviction to this Court, pursuant to 18 U.S.C. § 3402, arguing that Magistrate Delgado did not have jurisdiction to try them for these misdemeanor charges without their consent. Furthermore, Defendants argue

that the lead case under which their cases were consolidated (Civil No. 01–567) was assigned to the undersigned, and not to Magistrate Delgado.[1]

### Applicable Law and Analysis

In their appeal, Defendants argue that the Magistrate lacked authority to preside over the trial and impose the sentences in these cases. After the November 13, 2000 amendments to Title 18, U.S. Magistrate Judges have the authority to try and sentence petty offenses. However, Defendants argue that in those Class B misdemeanors in which a term of imprisonment can be imposed, the consent of defendants is still required. Since Defendants in this case did not give their consent to be tried by the Magistrate, and two of them received a jail sentence, they argue that the Magistrate did not have jurisdiction over their cases.

The first argument, with respect to the Magistrate's authority to try the cases, was already brought up by Defendants before the Magistrate in their motion to vacate the order for consolidation of the cases and to continue the bench trial before Magistrate Delgado (**Docket 11 and 13**). This motion was denied by Magistrate Delgado (**Docket # 14**), and Defendants filed an interlocutory appeal to this Court (**Docket 17, 18, 20 and 21**). Said appeal was denied due to this Court's lack of jurisdiction at that time (**Docket # 22**).

Section 3401 of Title 18 of the United States Code provides that "[w]hen specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district."

18 U.S.C. § 3401(a). This grant of jurisdiction, however, is limited by Section 3401(b), which was amended on November 13, 2000, to read, in pertinent part: "[a]ny person charged with a misdemeanor, **other than a petty offense** may elect, however, to be tried before a district judge for the district in which the offense was committed." 18 U.S.C. § 3401(b) (emphasis added). This grant of jurisdiction is reiterated in 28 U.S.C. § 635(a): "Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment... (3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section; (4) **the power to enter a sentence for a petty offense**; and (5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented." 28 U.S.C. § 635(a) (emphasis added).

It is clear, then, that magistrates have been granted the power by Congress to conduct trials and enter sentences in cases of petty offenses. Petty offenses are defined in 18 U.S.C. § 19:

> As used in this title, the term "petty offense" means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual or section 3571(c)(6) or (7) · in the case of an organization.

18 U.S.C. § 19. Section 3571(b)(6) limits the fines that can be imposed to an individual for a Class B or C misdemeanor to $5,000.00. Defendants argue that, by specifying that a Class B misdemeanor must

---

1. Defendants also mention in the summary of their argument that there was insufficient evidence to convict them. However, apart from this unsubstantiated and conclusory statement, Defendants fail to make any specific arguments to support their allegation. Therefore, this Court will not consider this argument any further.

carry a fine less than $5000.00 to be a petty offense, the definition excludes all offenses in which a term of imprisonment is imposed. Defendants contend that since Section 3571(b)(6) does not provide for a term of imprisonment, no such sentence can be imposed for a petty offense. The problem with this argument is that Section 3571(b)(6) is only concerned with fines. The maximum sentence of imprisonment to be imposed for Class B misdemeanors is established in 18 U.S.C. § 3581(b)(7) as not more than six months.

Six months is exactly the amount of time that courts have found is the cutoff between "petty offenses" and more serious crimes which afford the defendant the right to a jury trial. The Court of Appeals for the Eleventh Circuit recently held that "a crime that carries a maximum incarcerative term of six months or less is presumed petty." *U.S. v. Chavez,* 204 F.3d 1305, 1310 (11th Cir.2000). In *Chavez,* the court concluded that a Class B misdemeanor, which carries a maximum penalty of six months of imprisonment or a $5,000.00 fine or both, was a petty offense. *Id.* at 1311. "Congress has expressly designated Class B misdemeanors as 'petty offense[s].' *See* 18 U.S.C. § 19." *Id.*

As a matter of fact, Defendants' argument has been previously considered by the Seventh Circuit in the context of the right to a jury trial:

Former 18 U.S.C. § 1(3) contained an express reference to imprisonment, see *supra* note 2, while the newer § 19 does not, and in that change [defendant] purports to find a statutory entitlement, **arguing that by its silence about prison time § 19 must be read to abolish prison sentences for "petty offenses," making any crime for which a prison term might be imposed a "serious" offense** to be tried to a jury if the

defendant demands it. **But that is nonsense.**

*U.S. v. Kozel,* 908 F.2d 205, 206–207 (7th Cir.1990) (emphasis added). The Seventh Circuit went on to explain:

**The argument that § 19 abolishes prison sentences for "petty offenses" also fails.** Section 19 does no such thing. It expressly refers to Class B and C misdemeanors, and 18 U.S.C.A. § 3581 (Supp.1989) authorizes prison sentences not only for misdemeanors but even for infractions. The purpose of § 19 is simply to limit prison time for crimes covered by that section to six months, see 18 U.S.C. § 3559(a)(7), without forbidding it, and to put a cap of $5,000.00 on the fines that can be imposed. See 18 U.S.C. § 3571(b)(7).

*Id.* at 207 (emphasis added).

■ In the case before us, Defendants were tried and convicted of a Class B misdemeanor for which the maximum sentence was six months of imprisonment and/or a $5,000.00 fine. Therefore, these were petty offenses, which could be tried before a magistrate, and Defendants' argument fails.

■ Defendant also contends that Fed. R.Crim.P. 58 limits the power of a magistrate to conduct trials and impose sentences in cases of Class B misdemeanor motor-vehicle offenses, Class C misdemeanors, and infractions. The problem with this argument is that jurisdiction to conduct trials and impose sentences is conferred on the magistrates through the statutes discussed above, and not through the Federal Rules of Criminal Procedure. Furthermore, the amendments to 18 U.S.C. § 3401 and 28 U.S.C. § 635 were promulgated after Rule 58. This means that the grant of jurisdiction contained in these amendments takes precedence over any limits which Rule 58 might have imposed previously. While "there are rela-

tively few instances in which the federal courts have been called upon to address a conflict between a federal rule of criminal procedure and a more recently enacted federal statute, in every case, the more recent statute has been found to modify the rule of criminal procedure." *United States v. Hinton,* 2000 WL 717085, at *1 (10th Cir. June 2, 2000) (unpublished disposition). *See also Government of the Virgin Islands v. Parrott,* 476 F.2d 1058 (3d Cir.1973). In *Hinton,* the Court held that the more recent 1996 amendments to 18 U.S.C. § 3401 superseded the conflicting provision in Rule 58. Again, Defendants' argument fails.

Lastly, Defendants argue that the Magistrate improperly used computer printouts to establish her priority of assignment; and that the Chief Judge's Memorandum of April 26, 2001, providing for the random assignment of cases to U.S. Magistrate Judges, is in contravention of the Constitution and laws of the United States. However, as previously discussed, Section 3401 of Title 18 of the United States Code provides that "[w]hen specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." 18 U.S.C. § 3401(a) (emphasis added). The statute which confers jurisdiction on the magistrates, therefore, also gives the power to the district courts where those magistrates serve to designate the exercise of said jurisdiction as the court might see fit. In addition, Local Rule 501(4) authorizes magistrates within the District of Puerto Rico to "[t]ry persons accused of, and sentence persons convicted of all misdemeanor offenses committed within the District in accordance with 18 U.S.C. § 3401."

Defendants argue that the Chief Judge's memorandum establishing that the magistrates be included in the random assignment of Vieques petty offense cases illegally granted them a jurisdiction which they did not possess. The basic flaw in this argument is that, as discussed above, the magistrates have been granted jurisdiction to see petty offense cases by Congress, through 18 U.S.C. § 3401. What the Chief Judge's memorandum did was provide for the way in which said jurisdiction was going to be exercised, nothing more. Therefore, the Chief Judge's Memorandum, as well as the random computer assignment of cases, were nothing but the correct exercise of the Court's administrative discretion granted by 18 U.S.C. 3401(a). We must remember that, not only does this Court have discretion in deciding how to assign petty offense cases to magistrates, but it also has discretion to transfer petty offense cases from one judge to another, or from a judge to a magistrate, in order to adequately and effectively administer its heavy case-load.

In any case, the record shows that the lead case, Civil No. 01–567, was never assigned to the undersigned. Defendants base their claim on the fact that the computerized docket appears to show that the case was assigned to the undersigned and referred to Magistrate Delgado. However, this is not the case. Only a cursory review of the record is required to notice that, after Defendant's initial appearance, all orders and proceedings in said case were signed and held before Magistrate Delgado, until Defendants chose to appeal before the undersigned. This case was never actually assigned to the undersigned and the undersigned never referred it to the magistrate. The situation reflected in the computerized docket is only relevant for statistical and administrative purposes; it does not accurately reflect the reality of

the procedural trajectory of the case. Defendants unsubstantiated allegations, based solely on the contents of a computer screen, and not on the substance of the record, are simply not enough to require this Court to delve any deeper into this issue. According to the record, Defendants' cases were consolidated under a lead case which was originally assigned to Magistrate Delgado, pursuant to the jurisdiction conferred to her in 18 U.S.C. § 3401, and Local Rule 501(4). Hence, Defendants' arguments that their convictions be overturned on appeal due to the assignment of their cases to the Magistrate Judge also fails.

## Conclusion

In conclusion, the Court finds that Defendants' convictions were not obtained illegally. Therefore, Defendants' convictions are **AFFIRMED.**

**SO ORDERED.**