UNITED STATES of America Plaintiff

v.

**Rodrigo SOSTRE NARVAEZ**
**Defendant**

**No. CRIM. 02–242(HL/ADC).**

United States District Court,
D. Puerto Rico.

May 9, 2003.

H.S. García, United States Attorney, Maritza González de Miranda, Assistant U.S. Attorney, San Juan, PR, for plaintiff.

Héctor E. Guzmán–Silva, Assistant Federal Public Defender, Federal Public Defender's Office, San Juan, PR, for defendant.

### *OPINION AND ORDER*

DELGADO–COLON, United States Magistrate Judge.

Defendant, Rodrigo Sostre–Nárvaez (hereafter "Sostre") has been charged with a violation of 18 U.S.C. § 228(a)(1) for failure to pay past due child support obligations (Docket No. 1). He now demands a trial by jury (Docket No. 33). For the following reasons, the motion is **DENIED.**

### I. Background

On June 19, 2002, Sostre was indicted in a one-count Indictment for a violation to Title 18 U.S.C. § 282(a)(1) (Docket No. 1). During Sostre's arraignment the government was instructed to advise the Court "why a misdemeanor had been charged thru an indictment" (Docket No. 12). An order was subsequently entered by the Court reassigning the case to the undersigned and it noted that "[t]he indictment in this case charges a Class B misdemeanor under 18 U.S.C. § 228(a)(1)" (Docket No. 12). The matter is set for a bench trial to be held on May 20, 2003 (Docket No. 32). Sostre now demands a trial by jury (Docket No. 33).

### II. Trial by Jury

Sostre is charged under Title 18 U.S.C. § 228(a)(1) which penalizes "any person who willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater that $5,000." 18 U.S.C. § 228(a)(1). A first offense is punishable by a fine or imprisonment for not more than 6 months, or both. *Id.*

In reviewing the statutory language of § 228(a)(1), it is clear that the offense with which Sostre is charged is classified as a petty offense and/or a Class B misdemeanor. Class B is described as an offense for which a term of imprisonment of not more that six months is statutorily authorized. 18 U.S.C. § 3581(b)(7); (2). Statutory provisions clearly define that the maximum fine for a Class B or C Misdemeanor that does not result in death is not to exceed $5,000. 18 U.S.C. § 3571(b)(6). Finally, under 18 U.S.C. § 19, a "petty offense" is defined as "a Class B misdemeanor, a Class C misdemeanor, or an infraction" for which the maximum fine is not greater than $5,000 in the case of an individual, and not greater than $10,000 in the case of an organization. 18 U.S.C. § 19. *See* 18 U.S.C. § 3571(b)(6), (b)(7), (c)(6), (c)(7).

Sostre argues that he is entitled to a trial by jury theorizing that, based upon common law, the statute that he has been charged with violating was clearly unknown at common law and was not contemplated as one to be summarily tried without a jury. He asserts that the statute under which he is charged is an act

recently passed by Congress,[1] is a purely statutory offense, and is designed to be tried in a federal courtroom by either a federal magistrate-judge or a federal district judge.

Sostre has no constitutional right to a trial by jury. The United States Supreme Court is clear in its position that "[t]he Sixth Amendment's right to a jury trial does not extend to petty offenses." *Lewis v. United States*, 518 U.S. 322, 323–324, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). Sostre's position that the offense he has been charged with was not contemplated at common law as a triable offense has been discarded by the Supreme Court. Indeed in *Lewis*, the Supreme Court articulated how it now determines if an offense is a petty offense.

> To determine whether an offense is properly characterized as "petty," courts at one time looked to the nature of the offense and whether it was triable by a jury at common law. Such determinations became difficult, because many statutory offenses lack common-law antecedents. Therefore, more recently, we have instead sought "objective indications of the seriousness with which society regards the offense." Now, to determine whether an offense is petty, we consider the maximum penalty attached to the offense. This criterion is considered the most relevant with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity. "The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task...." In evaluating

the seriousness of the offense, we place primary emphasis on the maximum prison term authorized. While penalties such as probation or a fine may infringe on a defendant's freedom, the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be "petty" or "serious." An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious.

*Lewis*, 518 U.S. at 325–26, 116 S.Ct. 2163 (internal citations omitted).

It appears that Sostre was not aware of this Supreme Court's *Lewis* decision.

Sostre also argues that prior to its being repealed, Congress negated the right to a trial by jury in 18 U.S.C. § 1.[2] Section 1(3) defined "petty offense." Defendant argues that since Section 1 was repealed, there presently is no dictate of Congress negating a jury trial and he is entitled to a jury trial pursuant to case law. In essence, Sostre argues that Congress' silence requires a trial by jury if demanded by the defendant.

A very similar argument was raised and rejected in *United States v. Kozel*, 908 F.2d 205 (7th Cir.1990); *see also United States v. Arraiza Navas*, 206 F.Supp.2d 274 (D.P.R.2002). In *Kozel*, the Court noted that in its definition of "petty offense," former 18 U.S.C. § 1(3) contained an express reference to imprisonment, while "the newer § 19," which defines a petty offense, does not. *Kozel*, 908 F.2d at 206. The defendant argued that the "silence of

---

**1.** Title 18, Section 228 is comprised essentially of two acts; The Child Support Recovery Act of 1992 and the Deadbeat Parents Punishment Act which in 1998 amended The Child

Support Recovery Act. See 18 U.S.C. § 228 Historical and Statutory Notes.

**2.** Repealed. Pub.L. 98–473, Title II, § 218(a)(1), Oct. 12, 1984, 98 Stat.2027.

prison time in § 19 must be read to abolish prison sentences for 'petty offenses' making any crime for which a prison term might be imposed a 'serious' offense to be tried to a jury." *Id.* at 107. *Kozel* rejected this argument as "nonsense," noting that nothing in § 19 creates a statutory entitlement to a jury trial, there is no mention of juries in § 19 and no implication that a right to a jury trial should be read in. *Id.* Interestingly, Sostre fails to even mention § 19, even though it is the successor to § 1(3) and provides the current statutory definition of "petty offense." The undersigned agrees with the holding in *Kozel* and rejects as frivolous Sostre's argument that when 18 U.S.C. § 1(3) was repealed it entitled a defendant a right to a jury trial when charged with a petty offense.

Finally, Sostre points to Fed.R.Crim.P. 23 and *United States v. Monts*, 311 F.3d 993 (2002) to support his position that he is entitled to a trial by jury. Rule 23 is inapplicable to the case at bar. It provides, *"if* a defendant is entitled to a jury trial, the trial must be by jury unless...." (Court's emphasis). The Supreme Court is clear that Sostre is not entitled to a jury trial. Also, Sostre's argument does not take into consideration Fed.R.Crim..P. 58. Rule 58 provides and requires that at the defendant's arraignment on a misdemeanor or other petty offense charge, the court shall advise the defendant of the right to trial by jury *unless* the charge is a petty offense. *Fed.R.Crim.P. 58(2)(F)*. A simple reading of Rule 58 provides yet another reference that Sostre is not entitled to a jury trial.

Finally, the *Monts* case in which defendant relies does not support Sostre's position. In *Monts* the defendant's case was tried by a jury. *Monts*, however, rather than on point is clearly distinguishable. The defendant in *Monts* was charged with violations of both 18 U.S.C. § 228(a)(1) and § 228(a)(3). The term of imprisonment for § 228(a)(3) is "not more than 2 years." 18 U.S.C. § 228(c)(2). Hence, in addition to the "not more than six months" term of imprisonment for a § 228(a)(1) violation, the defendant [Monts] was also subjected to a "not more than two years" term of imprisonment. The term of imprisonment the defendant faced in *Monts* was clearly outside the time period contemplated for a petty offense and, as such, the defendant had a right to a jury trial. Further, the *Monts* case did not raise or discuss as an issue the right to a trial by jury. Rather, defendant Monts, being charged with a felony offense, the violation of § 228(a)(3), was entitled to a trial by jury.

The Constitution's guarantee of the right to a jury trial extends only to serious offenses, and Sostre was not charged with a serious offense as it is defined by the United States Supreme Court. *See Lewis*, 518 U.S. 322, 116 S.Ct. 2163. More, Sostre has no statutory right to a trial by jury. Quite simply, he is not entitled to a jury trial on the offense charged.

## III. Conclusion

Defendant Rodrigo Sostre–Narvaez's demand of trial by jury is **DENIED** (Docket No. 33). **The Non–Jury Trial remains set for May 20, 2003, at 9:30 AM.**

**SO ORDERED.**